IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

NICOLAE STEFAN ALBU,      :
         :
     Plaintiff,      :
         :    Civil Action No.
v.         :    1:15-CV-03120-WSD-JCF
         :
TBI AIRPORT MANAGEMENT,     :
         :
     Defendant.     :

## NON-FINAL REPORT AND RECOMMENDATION

This case is before the Court on Defendant's Motion To Dismiss Plaintiff's Complaint (Doc. 4) and Motion To Dismiss Plaintiff's Amended Complaint (Doc. 12). For the reasons discussed below, it is **RECOMMENDED** that Defendant's motion to dismiss Plaintiff's original complaint be **DENIED as** moot. It is further **RECOMMENDED** that Defendant's motion to dismiss the amended complaint be **GRANTED in part and DENIED in part** and that Plaintiff be directed to file an amended complaint to correct deficiencies outlined below**.**

## Facts And Procedural History

On September 4, 2015, Plaintiff, who is proceeding *pro se*, filed a form employment complaint against his employer, Defendant TBI Airport Management, alleging that Defendant discriminated against him because of his race (Caucasian) and religion (Christian) by failing to promote him, requiring him to work under terms and conditions of employment that differed from similarly situated

1

employees, harassing him, and retaliating against him in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"). (Doc. 1 at ¶¶ 1, 12, 13).  In the narrative portion of his complaint, Plaintiff alleged that throughout his employment with Defendant, he had "undergone . . . harassment and discrimination especially after [he] addressed concerns about the low quality of the services provided by some of [his] coworkers."  (*Id.* at ¶ 14). Specifically, he alleged that a "regular discussion with a supervisor" was turned "into an insubordination case giving [him] a final warning and suspension"; "they made a plot to fire [him] and instigated other management team members to continue taking disciplinary action against [him]"; he "was sent home and [his] badge was taken . . . without any particular reason"; and "they took [him] out of leadership development after [his] EEOC complaint."  (*Id.*).  Plaintiff attached to his complaint a Dismissal and Notice of Rights issued by the United States Employment Opportunity Commission ("EEOC") on June 5, 2015 (Doc. 1-1 at 1), which he alleged that he received on July 25, 2015 (Doc. 1 at ¶ 8).  He did not attach a copy of his EEOC charge of discrimination.  He also attached to his complaint a copy of a Disciplinary/Counseling Action issued to him on January 13, 2015 indicating that he received coaching, a written (and final) warning, and a one-day suspension for failing to follow a supervisor's directive (Doc. 1-1 at 3-4); a letter indicating that Plaintiff completed "Return to Workplace Training, concentration insubordination" on January 20, 2015 (*id.* at 5); a

Disciplinary/Counseling Action issued to Plaintiff on February 20, 2015 indicating that he received a written warning directing him to "work through the chain of command" in order "to resolve any complaints [he] wish[ed] to raise with management" and explained the process for doing so (*id.* at 6-7); an unsigned and undated EEOC Intake Questionnaire (*id.* at 8-11); and a To Whom It May Concern email Plaintiff purportedly sent to "info@eeoc.gov" and copied to "Bill Murphy" and "Tania Kremer" on July 20, 2015 concerning alleged acts of retaliation following the filing of his EEOC charge and a request for information "concerning the status of [his] case" (*id.* at 12).

On December 21, 2015, Defendant filed a motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 4). Defendant contended that Plaintiff's Complaint "must be dismissed because Plaintiff alleges claims outside the scope of his EEOC Charge and also fails to plead sufficient fact to support his Title VII claims." (*Id.* at 3-4). In response, Plaintiff filed an amended complaint. (Doc. 8). In that complaint Plaintiff asserts that he brings this action pursuant to Title VII, 42 U.S.C. § 1981a[1], and the Rehabilitation Act, 29 U.S.C. § 701[2], and he contends that Defendant "discriminated against him, by passing over promotion to different positions

---

[1] 42 U.S.C. § 1981a provides the right to recover damages, including compensatory and punitive damages, for intentional discrimination under Title VII.

[2] The Rehabilitation Act, 29 U.S.C. §§ 701 *et seq.*, "prohibits federal agencies from discriminating in employment against otherwise qualified individuals with a disability." *Mullins v. Crowell*, 228 F.3d 1305, 1313 (11th Cir. 2000).

3

because of his race (Caucasian) and religion (Christian)" and "retaliated against him for having a complaint about such discrimination and created a hostile working environment for him." (Doc. 8 at 1). The "Statement of Facts" section of his Amended Complaint consists of a 10-page narrative concerning alleged acts of discrimination and retaliation since July 14, 2014, through the filing of his EEOC charge in June 2015, and events subsequent to that filing through November 2015. (*Id.* at 2-12). In his "First Cause of Action," Plaintiff alleges "[u]nlawful discrimination based on race/religion" in violation of Title VII (*id.* at 12-16), and in his "Second Cause of Action," Plaintiff alleges "[u]nlawful discrimination based on retaliation and harassment," in violation of Title VII (*id.* at 16-17).[3]

Defendant then moved to dismiss the amended complaint (Doc. 12), Plaintiff filed a response (Doc. 17), and Defendant filed a reply (Doc. 19). With briefing complete, the undersigned now considers the merits of Defendant's motions.

## Discussion

### I.   Defendant's Motion To Dismiss Complaint (Doc. 4)

Because Plaintiff's amended complaint supersedes the original complaint and becomes the operative complaint, the undersigned **RECOMMENDS** that Defendant's motion to dismiss the original complaint be **DENIED as moot**. *See, e.g.*, *Monroe v. City of Forest Park*, No. 1:15-cv-1165-WSD, 2015 U.S. Dist.

---

[3] The distinction between the two "Causes of Action" is unclear; Plaintiff includes allegations concerning discrimination, harassment, and retaliation in both. (*See* Doc. 8 at 12-17).

4

LEXIS 152504, at *2-3 (N.D. Ga. Nov. 10, 2015) (denying motion to dismiss original complaint as moot because the amended complaint superseded the original complaint); *Williams v. Kemuel*, No. 1:12-cv-1570-JEC, 2013 U.S. Dist. LEXIS 19664, at *5 (N.D. Ga. Feb. 14, 2013) ("[D]efendants' first motion to dismiss is superceded by the amended complaint and is denied as moot.").

## II.   Defendant's Motion To Dismiss Amended Complaint (Doc. 12)

Defendant argues that Plaintiff's amended complaint should be dismissed for several reasons: (1) it "is a shotgun pleading and Defendant cannot determine the allegations supporting Plaintiff's claims due to Plaintiff's failure to plead each claim separately and supported by factual allegations"; (2) Plaintiff's claims based on conduct that occurred more than 180 days prior to filing his EEOC charge but not included in that charge are barred for failure to administratively exhaust them; (3) some of Plaintiff's claims are outside the scope of his EEOC charge and thus barred for failure to administratively exhaust them; and (4) Plaintiff's allegations fail to state a claim for discrimination or retaliation under Title VII.  (Doc. 12 at 3).

### A.   Applicable Pleading Standards

Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  *See* FED. R. CIV. P. 8(a)(2). Rule 10 requires that "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b).  To state a claim that can survive a motion to dismiss, "a complaint must

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 678-79.   To be plausible, the complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct." *Id.* at 679.  "Additionally, because Plaintiff [is] acting pro se, [his] 'pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.' " *Shields v. Bank of Am.*, No. 2:11-CV-00267-RWS, 2012 U.S. Dist. LEXIS 30183, at * 3 (N.D. Ga. Mar. 6, 2012) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)).  " 'This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action.' "  *Id.* (quoting *Thomas v. Pentagon Fed. Credit Union*, 393 Fed. Appx. 635, 637 (11th Cir. 2010)).

## B.   <u>Administrative Exhaustion Of Claims</u>

It is well-settled that a Title VII plaintiff must satisfy the statute's administrative exhaustion requirement before filing his judicial complaint.  "Prior to filing a Title VII action . . . a plaintiff first must file a charge of discrimination with the EEOC." *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1270, 1280 (11th

Cir. 2004) (citing *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 460 (5th Cir.1970)).[4]  The plaintiff must file the charge with the EEOC within 180 days of the alleged unlawful employment practice.  *See* 42 U.S.C. § 2000e-5(e)(1). Plaintiff bears the burden of proving that he has filed "a valid and timely-filed EEOC charge." *Rizo v. Ala. Dep't of Human Res.*, 228 Fed. Appx. 832, 836 (11th Cir. 2007) (unpublished decision); *see also Owens v. Omni Hotels Mgmt. Corp.*, No. 1:11-cv-00699-TWT-RGV, 2012 U.S. Dist. LEXIS 57896, at *18 (N.D. Ga. Mar. 27, 2012) (explaining that "[w]hen a defendant disputes that a plaintiff has exhausted administrative remedies or denies that the plaintiff has fulfilled the preconditions to suit, the 'plaintiff then bears the burden of proving that the conditions precedent . . . have been satisfied' " (quoting *Jackson v. Seaboard Coast Line R.R.*, 678 F.2d 992, 1010 (11th Cir. 1982))).

The purpose of the administrative exhaustion requirement is to give the EEOC "the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts." *Gregory*, 355 F.3d at 1279 (quoting *Evans v. U.S. Pipe & Foundry Co.*, 696 F.2d 925, 929 (11th Cir. 1983)).  In light of this purpose, "a plaintiff's judicial complaint is limited by the scope of the EEOC investigation

---

[4] Decisions of the Fifth Circuit handed down before October 1, 1981 are binding precedent in the Eleventh Circuit.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

which can reasonably be expected to grow out of the charge of discrimination." *Gregory*, 355 F.3d at 1280 (internal quotation omitted). "[J]udicial claims are allowed if they amplify, clarify, or more clearly focus the allegations in the EEOC complaint," but "allegations of new acts of discrimination are inappropriate." *Id.* at 1279-80 (internal quotation omitted). In *Gregory*, the court held that, even though the plaintiff alleged in her EEOC charge that she was terminated because of her sex and race, but did not allege that she had been terminated in retaliation for having complained of discrimination, her Title VII retaliation claim was not administratively barred. *Id.* at 1280. The court observed:

> The facts alleged in her EEOC charge could have reasonably been extended to encompass a claim for retaliation because they were inex[tr]icably intertwined with her complaints of race and sex discrimination. That is, she stated facts from which a reasonable EEOC investigator could have concluded that what she had complained about is retaliation because of her complaints of Dr. Fuller's disparate treatment to the hospital's administration. Specifically, shortly after being subjected to certain allegedly discriminatory acts, she was terminated.

*Id.*

Here, Plaintiff alleged the following in his EEOC charge filed June 1, 2015:

> I. I was hired by the above employer in June 2014, and currently hold the position of Interpreter. Since the beginning of my employment, I have made suggestions to upper management about areas that can be improved within the company. Despite my efforts, in November 2014, I was denied a promotion in retaliation for the suggestions I made. I later found out that other Muslim employees were selected over me. On January 13, 2015, I sent an e-mail to Tania Kramer, Duty Manager – Head of International Service, and Daryl King, Duty Manager – Head of Customer Service, about an incident that took

8

> place on January 11, 2015.   On the dame day, I received a final
> warning.
> II.  The reason given for my final warning was insubordination.
> III. I believe that I have been discriminated against because of my
> race (Caucasian), Religion (Orthodox Christian), Color (Light), and
> subjected to retaliation in violation of Title VII of the Civil Rights Act
> of 1964, as amended.

(Doc. 12-1).   Plaintiff also checked the boxes for race, color, religion, and retaliation as the bases for his claims and asserted that the discrimination took place on January 11, 2015 at the earliest and February 27, 2015 at the latest.  (*Id.*). The undersigned notes that Plaintiff attached to his original complaint a copy of an EEOC Intake Questionnaire in which he asserted that the acts of discrimination were the January 2015 final warning, one day unpaid suspension, and obligatory insubordination class attendance, and a February 27, 2015 disciplinary action in which he was sent home and his badge was taken. (Doc. 1-1 at 9).  The EEOC then issued a notice of right to sue letter on June 5, 2015, four days after Plaintiff filed his charge, indicating that it was "unable to conclude that the information obtained establishes violations of the statutes."  (Doc. 12-2).

In his judicial complaint, Plaintiff alleges that Defendant's supervisors and managers discriminated against him because of his race and religion, subjected him to a discriminatorily hostile work environment, and retaliated against him through a number of actions, including: refusing to split Plaintiff's hour break in July 2014; not promoting him in August 2014 to a lead or supervisor position; reprimanding

him in September 2014; not promoting him in December 2014 to a lead position; denying him a vacation in December 2014; giving Plaintiff a written warning in January 2015 that also involved a one-day suspension and additional training; sending Plaintiff home on February 27, 2015 and taking his badge; stalking Plaintiff away from work; not inviting Plaintiff to attend a leadership meeting in June 2015 after Plaintiff filed his EEOC charge; limiting a promotion given to Plaintiff in August 2015 to 30 days; asking Plaintiff to resign in September 2015, taking away his "black seal" so that he could not work in customs, and moving him to another department where further acts of discrimination and retaliation allegedly occurred through at least November 28, 2015.  (*See generally* Doc. 8).

The undersigned finds that Plaintiff has arguably administratively exhausted his claims that Defendant discriminated and retaliated against him by failing to promote him in November or December 2014 (*see* Doc. 8 at 4) and that Defendant discriminated and retaliated against him by giving him a written warning and suspending him in January 2015 for insubordination (*id.* at 5-7) as he appears to have included those claims in his EEOC charge (*see* Doc. 12-1 at 1).   The undersigned also notes that Plaintiff appears to have included in his EEOC questionnaire his claim concerning the February 27, 2015 incident wherein his badge was taken and he was sent home.  (*See* Doc. 1-1 at 9).  Although that incident is not described in his signed EEOC charge, the charge does list the latest date discrimination took place as "02-27-2015." (Doc. 12-1).  In addition, the

10

Court may consider the allegations contained in an EEOC intake questionnaire to determine whether allegations in the complaint are "like, related to, or grew out of, the allegations . . . in Plaintiff's intake questionnaire." *Cash v. Bank of Am., N.A.*, No. 1:12-CV-0876-RWS, 2013 U.S. Dist. LEXIS 153326, at *25-26 (N.D. Ga. Oct. 25, 2013) (finding that the plaintiff's retaliation claims were not procedurally barred for failing to include them in her EEOC charge where she included them in her EEOC intake questionnaire).   Finally, as to Plaintiff's allegations that Defendant retaliated against him for filing his EEOC charge in June 2015, " 'it is unnecessary for a plaintiff to exhaust administrative remedies prior to urging a retaliation claim growing out of an earlier charge; the district court has ancillary jurisdiction to her such a claim when it grows out of an administrative charge that is properly before the court.' "  *Thomas v. Miami Dade Pub. Health Trust*, 369 Fed. Appx. 19, 23 (11th Cir. 2010) (quoting *Gupta v. East Texas State Univ.*, 654 F.2d 411, 414 (5th Cir. Unit A Aug. 1981)); *see also Russo v. Payroll Servs., LLC*, No. 5:14-cv-02302-CLS, 2015 U.S. Dist. LEXIS 64034, at *6-7 (N.D. Ala. May 15, 2015) (denying motion to dismiss for failure to exhaust a retaliation claim based on actions occurring after the EEOC dismissed discrimination charge because " 'it is unnecessary for a plaintiff to exhaust administrative remedies prior to urging a retaliation claim growing out of an earlier charge; the district court has ancillary jurisdiction to hear such a claim when it grows out of an administrative charge that is properly before the court' " (quoting *Gupta*, 654 F.2d at 414)).

11

As to all other claims asserted in the amended complaint, the undersigned finds that Plaintiff has not shown that he administratively exhausted them.  That is, he has not shown that he exhausted any discrimination and/or retaliation claims based on events occurring before he filed his June 2015 EEOC charge other than the November/December 2014 failure to promote, the January 2015 written warning and suspension, and the February 2015 action where his badge was taken and he was sent home, and he failed to exhaust all discrimination claims based on events occurring after he filed his June 2015 EEOC charge.  Plaintiff did not include any facts supporting those claims in his EEOC charge or file an additional charge in which he asserted those claims.  Those claims thus exceed "the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination."  *Gregory*, 355 F.3d at 1280; *see, e.g.*, *Cotton v. G.S. Dev.*, 390 Fed. Appx. 875, 877 (11th Cir. 2010) (unpublished decision) ("It is clear from the face of the EEOC charge of discrimination that Cotton failed to mention his hostile work environment claim and only discussed his failure to promote and wrongful demotion and termination claims.  Because Cotton failed to raise his hostile work environment claim in his EEOC charge, he did not exhaust his remedies with the EEOC with respect to this claim."); *Ramon v. AT&T Broadband*, 195 Fed. Appx. 860, 862-64, 866 (11th Cir. 2006) (unpublished decision) (finding the plaintiff failed to exhaust her hostile work environment claim because in her EEOC charge she alleged claims of sex, national origin and disability

12

discrimination related to a cut in pay, a denial of leave and her termination, but she included no allegations "that reasonably point[ ] to the kind of pervasive and oppressive conditions that would allow [the court] to conclude that she intended to have the EEOC investigate the workplace for a hostile work environment"); *Green v. Elixir Indus., Inc.*, 152 Fed. Appx. 838, 839-41 (11th Cir. 2005) (unpublished decision) (finding that plaintiff's racially hostile work environment claim was not exhausted because he included only facts about his racially discriminatory termination claim in his EEOC charge and failed to include any facts to support a hostile work environment claim); *Bridges v. Standard Pacific of Tampa GP, Inc.*, No. 8:06-cv-1937-T-23TGW, 2007 U.S. Dist. LEXIS 4051, at *5-6 (M.D. Fla. Jan. 19, 2007) (finding that plaintiff's retaliation and sexual harassment claims were not exhausted because her charge "focuse[d] exclusively on perceived sexual discrimination against her, on a date certain, for a particular reason, in a particular manner, from a specified source, and with a particular consequence (her termination)" and "fail[ed] (by label, by factual allegation, by temporal scope, or otherwise) to identify or even intimate the notions of retaliation or sexual harassment").

Accordingly, it is **RECOMMENDED** that Defendant's motion to dismiss be **GRANTED** as to all claims for lack of administrative exhaustion except for the following:    (1) discrimination and retaliation claims based on the November/December 2014 failure to promote; (2) discrimination and retaliation

claims based on the January 2015 written warning and suspension; (3) discrimination and retaliation claims based on the February 2015 action wherein Plaintiff's badge was taken and he was sent home; and (4) retaliation claims based on actions taken after Plaintiff filed his June 2015 EEOC charge.

The undersigned now turns to whether Plaintiff has stated a claim on which relief can be granted as to the claims he has arguably exhausted and finds that those claims are insufficiently pled for several reasons.

## B.   <u>Sufficiency of Pleading</u>

Plaintiff's amended complaint consists of 10 pages of allegations set forth in narrative form (*see* Doc. 8 at 2-12), followed by two "causes of action," both of which profess to assert discrimination and retaliation claims and both of which incorporate all preceding paragraphs (*id.* at 12-17).   The complaint does not comply with Rule 10(b), which requires a party to "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).   Nor is it clear what facts support each claim as all facts are incorporated into each "cause of action."   Plaintiff also asserts that he brings this action pursuant to the Rehabilitation Act (*see* Doc. 8 at 1), which prohibits disability discrimination by federally funded agencies or programs, but he alleges no facts that would support such a claim.

In addition, Plaintiff has not pleaded facts that plausibly demonstrate entitlement to relief on the claims he has arguably exhausted.   To state a claim for

race discrimination under Title VII, a plaintiff must allege, at a minimum, facts that would "allow[] the court to draw the reasonable inference," *Iqbal*, 556 U.S. at 678, that his employer subjected him to an adverse employment action because of a protected characteristic, such as race, color, religion, sex, or national origin.  *See* 42 U.S.C. § 2000e-2(a).  Similarly, to state a Title VII retaliation claim, a plaintiff must allege sufficient facts to plausibly show that his employer took materially adverse action against him because he had engaged in statutorily protected activity, such as filing an EEOC charge or making a complaint to his manager about a practice made unlawful by Title VII. *See* 42 U.S.C. § 2000e-3(a); *see also Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006); *Arafat v. Sch. Bd. of Broward Cnty.*, 549 Fed. Appx. 872, 874 (11th Cir. 2013) (unpublished decision).

Plaintiff's claims largely rest on conclusory allegations of discrimination or retaliation without identifying the factual support to plausibly show that Defendant took adverse employment action against him because of his race or religion or subjected him to materially adverse action in retaliation for engaging in statutorily protected activity under Title VII.  For example, with respect to Plaintiff's claim that Defendant failed to promote him in December 2014 to a lead position, Plaintiff alleges the following: "Supervisor Id-Baha Mohamed (friend and one of the protectors of [co-worker] Emrani Mohammed) blocked a proposal for plaintiff's promotion in December 2014 when there was an opening for a lead position in the

15

department the Plaintiff used to work." (Doc. 8 at 4). Plaintiff also alleges that this action was "initiated against the Plaintiff because of his religion and as retaliation for his complaints about the discrimination in the company." (*Id.*). Those allegations are wholly insufficient to state a claim for discrimination or retaliation under Title VII. Plaintiff did not allege that he actually applied for the position, when he applied, who made the decision, who was actually promoted, or any facts to plausibly suggest that the hiring or promotion decision was made because of a protected characteristic such as Plaintiff's race or religion.

His retaliation claim based on the November or December 2014 "failure to promote" reflects similar deficiencies. Plaintiff did not allege that he had engaged in statutorily protected activity under Title VII such as by complaining to his managers about race or religious discrimination or by filing an EEOC charge before he was allegedly "blocked" for promotion. Nor did he allege facts showing that that the person who made the promotion decision was aware of any statutorily protected activity or that that decision was made in order to retaliate against Plaintiff for engaging in statutorily protected activity. Plaintiff has therefore failed to state Title VII claims for discrimination and retaliation based on the alleged failure to promote him in November or December 2014.

Nor has Plaintiff stated claims for discrimination and retaliation with respect to Defendant issuing him a written warning and suspending him for one day in January 2015 and removing his badge and sending him home in February 2015.

16

Plaintiff has not alleged facts that show that those actions resulted in a "serious and material change in the terms, conditions, or privileges" of his employment sufficient to plausibly show that he suffered an adverse employment action under Title VII's anti-discrimination clause. *See Davis v. Town of Lake Park*, 245 F.3d 1232, 1239 (11th Cir. 2001). He also failed to allege facts that plausibly show that those actions were taken in retaliation for engaging in statutorily protected activity that had occurred prior to those events. As discussed above, he has not alleged— prior to his June 2015 EEOC charge—what complaints he made that constituted statutorily protected activity, when he made those complaints, or to whom he directed those complaints.

The only statutorily protected activity identified in his amended complaint is his June 2015 EEOC charge and related correspondence he sent to the EEOC in July 2015, after the EEOC had dismissed his charge. (*See* Doc. 8 at 7-8). Plaintiff alleges that Defendant took several actions against him after he filed that charge. (*Id.* at 8-11). It is not clear, however, that he contends that Defendant took all of those actions in retaliation for his EEOC charge, nor does he allege facts that plausibly show that all of the managers involved in those decisions were aware of his EEOC charge or that plausibly suggest that the actions were taken because he filed the EEOC charge. (*See id.*).

Rather than recommending that Plaintiff's claims be dismissed for failure to state a claim, however, the undersigned recommends that Plaintiff be directed to

17

file an amended complaint in which he re-pleads any claims that remain after the District Judge considers this Report and Recommendation. The undersigned is mindful of the liberal construction courts must give to *pro se* pleadings and the admonition that a *pro se* plaintiff should be granted leave to amend a complaint where a "more carefully drafted complaint might state a claim." *Lee v. Alachua Cnty.*, 461 Fed. Appx. 859, 860 (11th Cir. 2012) (unpublished decision). The undersigned notes that some of Plaintiff's other filings appear to provide additional factual support for at least some of Plaintiff's claims, including an EEOC intake questionnaire and email attached to his original complaint, as well as representations made by Plaintiff in response to Defendant's motion to dismiss (*see generally* Doc. 17).

It is therefore **RECOMMENDED** that Defendant's motion to dismiss Plaintiff's arguably administratively exhausted claims for failure to state a claim be **DENIED without prejudice** and that Plaintiff be directed to file an amended complaint in which complies with the requirements of Rule 10(b) and clearly sets out as separate claims his claims for discrimination and retaliation, identifies each specific act of alleged discrimination and/or retaliation, when it occurred, who took the action, and the facts that support his contention that each action was taken because of his race, religion, or to retaliate against him for engaging in statutorily protected activity, being mindful of the deficiencies described in Defendant's motion to dismiss and this Report and Recommendation.

**Conclusion**

It is **RECOMMENDED** that Defendant's Motion To Dismiss Plaintiff's Complaint (Doc. 4) be **DENIED as moot**. It is **RECOMMENDED** that Defendant's Motion To Dismiss Plaintiff's Amended Complaint be **GRANTED in part and DENIED in part without prejudice**.   Specifically, it is **RECOMMENDED** that Defendant's motion to dismiss the following claims be **DENIED without prejudice** and that Plaintiff be directed to file an amended complaint to re-plead those claims with greater specificity as set forth above: Plaintiff's discrimination and retaliation claims arising from the December 2014 failure to promote to lead position, the January 2015 written warning and one-day suspension, and the February 2015 action when Plaintiff's badge was removed and he was sent home, and his retaliation claims based on actions taken against Plaintiff for filing his June 2015 EEOC charge of discrimination.  It is further **RECOMMENDED** that Defendant's motion to dismiss all remaining claims for failure to administratively exhaust them be **GRANTED**.

   **IT IS SO REPORTED AND RECOMMENDED** this 22nd day of April, 2016.

   /s/ *J. CLAY FULLER*
   J. CLAY FULLER
   United States Magistrate Judge

19