**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

**NICOLAE STEFAN ALBU,**

      **Plaintiff,**

v.                                                                      1:15-cv-3120-WSD

**TBI AIRPORT MANAGEMENT,**

      **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge J. Clay Fuller's Non-Final Report and Recommendation [21] ("R&R"). The R&R recommends the Court grant in part and deny in part Defendant TBI Airport Management's ("Defendant") Motion to Dismiss [12]. Also before the Court are Defendant's Objections to the R&R [23].

## I. BACKGROUND

On September 4, 2015, Plaintiff, who is proceeding *pro se*, filed a form employment complaint against Defendant, his employer. In it, Plaintiff alleged that Defendant discriminated against him because of his race (Caucasian) and religion (Christian) by failing to promote him, requiring him to work under terms and conditions of employment that differed from similarly situated employees,

harassing him, and retaliating against him in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII"). (Compl. [1] ¶¶ 1, 12, 13). Plaintiff alleged that, throughout his employment with Defendant, he had "undergone . . . harassment and discrimination especially after [he] addressed concerns about the low quality of the services provided by some of [his] coworkers." (Id. ¶ 14). Specifically, he alleged that a "regular discussion with a supervisor" was turned "into an insubordination case giving [him] a final warning and suspension"; "they made a plot to fire [him] and instigated other management team members to continue taking disciplinary action against [him]"; he "was sent home and [his] badge was taken . . . without any particular reason"; and "they took [him] out of leadership development after [his] EEOC complaint." (Id.). Plaintiff attached to his complaint a Dismissal and Notice of Rights issued by the United States Employment Opportunity Commission ("EEOC") on June 5, 2015, ([1.1] at 1), which he alleged he received on July 25, 2015, (Compl. ¶ 8). He did not attach a copy of his EEOC charge of discrimination.[1]

---

[1]   He also attached to his Complaint a copy of a Disciplinary/Counseling Action issued to him on January 13, 2015, indicating that he received coaching, a written (and final) warning, and a one-day suspension for failing to follow a supervisor's directive, ([1.1] at 3-4); a letter indicating that Plaintiff completed "Return to Workplace Training, concentration insubordination" on January 20, 2015, (id. at 5); a February 20, 2015, Disciplinary/Counseling Action

On December 21, 2015, Defendant filed a motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  ([4]).  Defendant contended that Plaintiff's Complaint "must be dismissed because Plaintiff alleges claims outside the scope of his EEOC Charge and also fails to plead sufficient facts to support his Title VII claims."  (Id. at 3-4).  On January 13, 2016, Plaintiff filed his Amended Complaint. ([8]).  In it, Plaintiff asserts that he brings this action pursuant to Title VII, 42 U.S.C. § 1981a,[2] and the Rehabilitation Act, 29 U.S.C. § 701.[3]  He contends that Defendant "discriminated against him, by passing over promotion to different positions because of his race (Caucasian) and religion (Christian)" and "retaliated against him for having a complaint about such discrimination and created a hostile working environment for him."  (Am. Compl.

---

issued to Plaintiff indicating that he received a written warning directing him to "work through the chain of command" in order "to resolve any complaints [he] wish[ed] to raise with management" (id. at 6-7); an unsigned and undated EEOC Intake Questionnaire (id. at 8-11); and a To Whom It May Concern email Plaintiff purportedly sent to "info@eeoc.gov" and copied to "Bill Murphy" and "Tania Kremer" on July 20, 2015, concerning alleged acts of retaliation following the filing of his EEOC charge and a request for information "concerning the status of [his] case" (id. at 12).

[2]   42 U.S.C. § 1981a provides the right to recover damages, including compensatory and punitive damages, for intentional discrimination under Title VII.

[3]   The Rehabilitation Act, 29 U.S.C. §§ 701 et seq., "prohibits federal agencies from  discriminating in employment against otherwise qualified individuals with  a disability."  Mullins v. Crowell, 228 F.3d 1305, 1313 (11th Cir. 2000).

at 1).  The "Statement of Facts" section of his Amended Complaint consists of a 10-page narrative concerning alleged acts of discrimination and retaliation since July 14, 2014, through the filing of his EEOC charge on June 1 2015, and events after the EEOC filing through November 2015.  (Id. at 2-12).  In his "First Cause of Action," Plaintiff alleges "[u]nlawful discrimination based on race/religion" in violation of Title VII, (id. at 12-16), and, in his "Second Cause of Action," Plaintiff alleges "[u]nlawful discrimination based on retaliation and harassment," in violation of Title VII, (id. at 16-17).

On January 27, 2016, Defendant filed its Motion to Dismiss Plaintiff's Amended Complaint.  In it, Defendant argues that Plaintiff's Amended Complaint should be dismissed because:  (1) it "is a shotgun pleading and Defendant cannot determine the allegations supporting Plaintiff's claims due to Plaintiff's failure to plead each claim separately and supported by factual allegations"; (2) Plaintiff's claims based on conduct that occurred more than 180 days prior to filing his EEOC charge but not included in that charge are barred for failure to administratively exhaust them; (3) some of Plaintiff's claims are outside the scope of his EEOC charge and are thus barred for failure to administratively exhaust them; and (4) Plaintiff's allegations fail to state a claim for discrimination or retaliation under Title VII.  (Mot. to Dismiss at 3).

On April 22, 2016, the Magistrate Judge issued his R&R.  In it, he found Plaintiff arguably administratively exhausted the following claims: (1) discrimination and retaliation claims based on the November or December 2014 failure to promote; (2) discrimination and retaliation claims based on the January 2015 written warning and suspension; and (3) discrimination and retaliation claims based on the February 2015 action wherein Plaintiff's badge was taken and he was sent home.  The Magistrate Judge also found that Plaintiff was not required to administratively exhaust his retaliation claims based on actions taken after Plaintiff filed his June 2015 EEOC charge.  As to the form and sufficiency of Plaintiff's Amended Complaint, the Magistrate Judge found that "Plaintiff's claims largely rest on conclusory allegations of discrimination or retaliation without identifying the factual support to plausibly show that Defendant took adverse employment action against him because of his race or religion or subjected him to materially adverse action in retaliation for engaging in statutorily protected activity under Title VII."  (R&R at 15).  The Magistrate Judge recommended that the Court direct Plaintiff to file a second amended complaint in which he repleads any claims that remain after the Court considers the R&R.  (Id. at 17-18).

On May 6, 2016, Defendant filed its Objections to the R&R.  Defendant argues that the R&R incorrectly found that Plaintiff administratively exhausted his claims based on (1) Plaintiff allegedly being sent home from work and having his badge taken on February 27, 2015, and (2) Defendant's 2014 failure to promote Plaintiff.  Defendant does not otherwise object to the R&R.

## II.  DISCUSSION

### A.  Legal Standards

#### 1.  Review of a Magistrate Judge's Report and Recommendation

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  Where no party has objected to the report and recommendation, a court conducts only a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

2.     Standard on a Motion to Dismiss

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "assume that the factual allegations in the complaint are true and give the plaintiff[] the benefit of reasonable factual inferences." Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010). Although reasonable inferences are made in the plaintiff's favor, "'unwarranted deductions of fact' are not admitted as true." Aldana v. Del Monte Fresh Produce, N.A., 416 F.3d 1242, 1248 (11th Cir. 2005) (quoting S. Fla. Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n.10 (11th Cir. 1996)). Similarly, the Court is not required to accept conclusory allegations and legal conclusions as true. See Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010) (construing Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). Mere "labels and conclusions" are insufficient. Twombly, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).  This requires more than the "mere possibility of misconduct."  Am. Dental, 605 F.3d at 1290 (quoting Iqbal, 556 U.S. at 679).  The well-pled allegations must "nudge[] their claims across the line from conceivable to plausible."  Id. at 1289 (quoting Twombly, 550 U.S. at 570).

    B.    Analysis

The Court conducts its *de novo* review of those portions of the R&R to which Defendant objects.  28 U.S.C. § 636(b)(1).  Defendant argues that the R&R incorrectly found that Plaintiff administratively exhausted his claims based on (1) Plaintiff allegedly being sent home from work and having his badge taken on February 27, 2015 ("February 27th Incident") and (2) Defendant's 2014 failure to promote Plaintiff.  The Court addresses each of these claims in turn.

    1.    February 27th Incident

The Magistrate Judge found that Plaintiff administratively exhausted his claim concerning the February 27th Incident, noting that Plaintiff appears to have included this claim in his EEOC questionnaire.  The Magistrate Judge also noted that, although the February 27th Incident "is not described in [Plaintiff's] signed EEOC charge, the charge does list the latest date discrimination took place as '02-27-2015.'"  (R&R at 10 (quoting [12.1])).

To file a judicial complaint under Title VII, a plaintiff first must exhaust his administrative remedies by filing a "charge" of discrimination with the EEOC within 180 days of his termination.  See, e.g., H&R Block E. Enters. v. Morris, 606 F.3d 1285, 1295 (11th Cir. 2010) (citing Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1317 (11th Cir. 2001)) ("Before suing under Title VII, a plaintiff must first exhaust her administrative remedies.  To do so, a plaintiff must file a timely charge of discrimination with the EEOC within 180 days of the last discriminatory act." (citation omitted)).  "[T]he 'scope' of the judicial complaint is limited to the 'scope' of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination."  Sanchez v. Standard Brands, Inc., 431 F.2d 455, 466 (5th Cir. 1970).[4]

Defendant argues that the allegations contained in Plaintiff's EEOC intake questionnaire do not constitute an EEOC charge.  The Court agrees.  An EEOC charge must "be in writing and signed and shall be verified."  29 C.F.R. § 1601.9.  "Verified" is defined as "sworn to or affirmed before a notary public, designated representative of the [EEOC], or other person duly authorized by law to administer

---

[4]   In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

oaths and take acknowledgements, or supported by an unsworn declaration in writing under penalty of perjury." Id. § 1601.3(a). Under certain circumstances, a verified EEOC intake questionnaire can constitute a charge. See Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1321 (11th Cir. 2001). The Eleventh Circuit has held:

> A *verified* intake questionnaire that includes the basic information suggested by 29 C.F.R. § 1601.12(a) may constitute a charge for purposes of Title VII statute of limitations when the circumstances of the case would convince a reasonable person that the charging party manifested her intent to activate the administrative process by filing the intake questionnaire with the EEOC.

Id. (emphasis added). Here, the EEOC intake questionnaire is neither signed nor verified, and thus does not qualify as an EEOC charge. See Pinjenburg v. W. Ga. Health Sys., Inc., 255 F.3d 1304, 1307 (11th Cir. 2001) ("The law is clear that to meet the requirements of Title VII, a charge has to be verified."); Hammond v. Georgia, No. 2:11-CV-00051-RWS, 2012 WL 181647, at *4 (N.D. Ga. Jan. 23, 2012) ("[T]he questionnaire does not satisfy the charge requirement because it was not verified. It was not signed in the presence of a notary public or other authorized person, nor signed by Plaintiff under penalty of perjury.").[5]

---

5    The R&R relies on Cash v. Bank of Am., N.A., in which the Court found that "[t]he question . . . is whether Plaintiff's Complaint is like, related to, or grew out of, the allegations regarding retaliation in Plaintiff's *intake questionnaire*."

10

Moreover, the February 27th Incident is not like, related to, and did not grow out of any charge properly asserted in the EEOC charge.  The February 27th Incident is different and distinct from any properly asserted charges, and it was not administratively exhausted.

Defendant's Objection is sustained as to the R&R's finding that the February 27th Incident was administratively exhausted.  On its *de novo* review, the Court finds that Plaintiff did not exhaust his administrative remedies with respect to the February 27th Incident, and his claims based on this alleged incident are dismissed.

2. <u>2014 Failure to Promote</u>

Defendant next argues that the R&R incorrectly determined that Plaintiff administratively exhausted his claims that Defendant discriminated and retaliated against him when Defendant failed to promote him in November 2014.  Defendant argues that Plaintiff's EEOC charge, filed on June 1, 2016, was filed more than 180 days after the alleged failure to promote, and is thus untimely.  In his EEOC charge, Plaintiff claimed that, in November 2014, he was denied a promotion.

---

No. 1:12-CV-0876-RWS, 2013 WL 5781596, at *9 (N.D. Ga. Oct. 25, 2013) (emphasis added).  The Court is required, however, to follow the binding Eleventh Circuit precedent noted above that holds that a charge must be verified.

([12.1] at 1).  In his Amended Complaint, Plaintiff alleges the failure to promote occurred in December 2014.  (Am. Compl. at 4).[6]  The Magistrate Judge found that "Plaintiff has arguably administratively exhausted his claims that Defendant discriminated and retaliated against him by failing to promote him in November or December 2014."  (R&R at 10).

"[A] plaintiff must file a timely charge of discrimination with the EEOC within 180 days of the last discriminatory act."  Wilkerson, 270 F.3d at 1317.  The parties do not offer, and the Court has not found, any binding precedent addressing whether a claim is timely exhausted where there are differences in the alleged dates of discrimination between the EEOC charge and the judicial complaint.  Courts that have addressed this issue have found that, at the pleading stage, "if there is a doubt as to whether a claim is timely exhausted due to differences in the alleged dates of discrimination between the EEOC charge and the complaint, the court should liberally construe the complaint in the plaintiff's favor."  Bass v. Univ. of Arkansas at Pine Bluff, No. 5:12-CV-00286-KGB, 2014 WL 4630459, at *10 (E.D. Ark. Sept. 16, 2014) (citing Williams v. Target Stores, 479 F. App'x 26, 28 (8th Cir. 2012)); see also Flannery v. Recording Indus. Ass'n of Am., 354 F.3d

---

[6]   It is unclear whether the allegation in the Amended Complaint refers to the same failure to promote or is a separate occurrence.

632, 640-41 (7th Cir. 2004) (EEOC charge and amended complaint were not so inherently inconsistent with respect to when discrimination occurred to dismiss claim on the basis that EEOC charge was untimely); Berry v. Cal. Dep't of Indus. Relations, No. C 10-2775, 2010 WL 4339509, at *1 (N.D. Cal. Oct. 27, 2010) (finding issue of inconsistent dates when discriminatory conduct allegedly began "best resolved after the complaint is amended").

At this stage of the proceedings, the Court finds Plaintiff's claims based on the 2014 failure to promote may proceed. Defendant's Objection on this basis are overruled, and its Motion to Dismiss on this basis is denied.

### 3. Sections of the R&R to which No Party Objects

No party submitted objections to the remainder of the R&R, and the Court thus conducts its plain error review of the remainder of the R&R. See Slay, 714 F.2d at 1095. The Magistrate Judge found that Plaintiff administratively exhausted his claim that Defendant discriminated and retaliated against him by giving him a written warning and suspending him for insubordination in January 2015, because Plaintiff included these claims in his EEOC charge. (R&R at 10). The Magistrate Judge next found that Plaintiff was not required to administratively exhaust his claims that Defendant retaliated against him for filing his EEOC charge in June 2015. (Id. at 11). The Court agrees. See Thomas v. Miami Dade Pub. Health Tr.,

369 F. App'x 19, 23 (11th Cir. 2010) ("[I]t is unnecessary for a plaintiff to exhaust administrative remedies prior to urging a retaliation claim growing out of an earlier charge . . . ."). The Court finds no plain error in these findings and recommendations, and Defendant's Motion to Dismiss is denied as to Plaintiff's January 2015 claim and his claim of retaliation for filing his EEOC charge. See Slay, 714 F.2d at 1095.

    The Magistrate Judge next determined that Plaintiff failed to exhaust all other claims asserted in his Amended Complaint, because he did not include any facts to support those claims in his EEOC charge or file an additional charge in which he asserted those claims. (R&R at 11). The Court agrees, because Plaintiff's additional claims exceed "the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Gregory v. Ga. Dep't of Human Resources, 355 F.3d 1277, 1280 (11th Cir. 2004); see also Cotton v. G.S. Dev., 390 F. App'x 875, 877 (11th Cir. 2010) ("It is clear from the face of the EEOC charge of discrimination that Cotton failed to mention his hostile work environment claim and only discussed his failure to promote and wrongful demotion and termination claims. Because Cotton failed to raise his hostile work environment claim in his EEOC charge, he did not exhaust his remedies with the EEOC with respect to this claim."). The Court finds no plain error in the

14

Magistrate Judge's findings and recommendations, and the remainder of Plaintiff's claims in his Amended Complaint are dismissed because Plaintiff failed to administratively exhaust them.  See Slay, 714 F.2d at 1095.

As to the form and sufficiency of Plaintiff's Amended Complaint, the Magistrate Judge found that "Plaintiff's claims largely rest on conclusory allegations of discrimination or retaliation without identifying the factual support to plausibly show that Defendant took adverse employment action against him because of his race or religion or subjected him to materially adverse action in retaliation for engaging in statutorily protected activity under Title VII." (R&R at 15).  The Magistrate Judge recommended that the Court direct Plaintiff to file a second amended complaint in which he repleads any claims that remain after the Court considers the R&R.  (R&R at 17-18).  No party objects to these findings and recommendations, and the Court finds no plain error in them.  See Slay, 714 F.2d at 1095.  Accordingly, Plaintiff must file, on or before August 1, 2016, a second amended complaint in which he repleads his remaining claims.[7]

---

[7] The Magistrate Judge also recommended that, in view of Plaintiff's Amended Complaint, Defendant's motion to dismiss Plaintiff's original complaint be denied as moot.  The Court finds no plain error in this finding and recommendation, and Defendant's motion to dismiss [4] is denied as moot.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge J. Clay Fuller's Non-Final Report and Recommendation [21] is **ADOPTED AS MODIFIED**.

**IT IS FURTHER ORDERED** that Defendant TBI Airport Management's Objections to the R&R [23] are **SUSTAINED IN PART** and **OVERRULED IN PART**.  The Objections are **SUSTAINED** with respect to Plaintiff's failure to exhaust his claims based on the February 27th Incident.  The Objections are **OVERRULED** as to Plaintiff's claims based on the 2014 failure to promote.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss [12] is **GRANTED IN PART** and **DENIED IN PART WITHOUT PREJUDICE**.  Defendant's Motion to Dismiss is **DENIED WITHOUT PREJUDICE** as to Plaintiff's claims based on (1) the 2014 failure to promote; (2) the January 2015 written warning and suspension; and (3) retaliation after Plaintiff filed his June 2015 EEOC charge.  Defendant's Motion to Dismiss is **GRANTED** as to Plaintiff's remaining claims.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss [4] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff must file, on or before August 1, 2016, a second amended complaint in which he repleads his remaining claims, mindful of the deficiencies described in Defendant's Motion to Dismiss and in the Magistrate Judge's R&R.  The claims required to be repled are Plaintiff's claims based on (1) the 2014 failure to promote; (2) the January 2015 written warning and suspension; and (3) retaliation after Plaintiff filed his June 2015 EEOC charge.  Failure to comply with this Order will result in dismissal of this action pursuant to Local Rule 41.3(A)(2).

**SO ORDERED** this 12th day of July, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE