IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

NICOLAE STEFAN ALBU,

    Plaintiff,

v.                                    1:15-cv-3120-WSD

TBI AIRPORT MANAGEMENT,

    Defendant.

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge J. Clay Fuller's Final Report and Recommendation [27] ("R&R"). The R&R recommends the Court grant Defendant TBI Airport Management's ("Defendant") Motion to Dismiss [26]. Also before the Court are Plaintiff Nicolae Stefan Albu's ("Plaintiff") Objections to the R&R [29].

## I. BACKGROUND

On September 4, 2015, Plaintiff, who is proceeding *pro se*, filed a form employment complaint against Defendant, his employer. In it, Plaintiff alleged that Defendant discriminated against him because of his race (Caucasian) and religion (Christian) by failing to promote him, requiring him to work under terms and conditions of employment that differed from similarly situated employees,

harassing him, and retaliating against him in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII").  (Compl. [1] ¶¶ 1, 12, 13).

On December 21, 2015, Defendant filed a motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  ([4]).  Defendant contended that Plaintiff's Complaint "must be dismissed because Plaintiff alleges claims outside the scope of his EEOC Charge and also fails to plead sufficient facts to support his Title VII claims."  (Id. at 3-4).  On January 13, 2016, Plaintiff filed his Amended Complaint. ([8]).  In it, Plaintiff asserts that he brings this action pursuant to Title VII, 42 U.S.C. § 1981a,[1] and the Rehabilitation Act, 29 U.S.C. § 701.[2]  He contends that Defendant "discriminated against him, by passing over promotion to different positions because of his race (Caucasian) and religion (Christian)" and "retaliated against him for having a complaint about such discrimination and created a hostile working environment for him."  (Am. Compl. at 1).

---

[1]     42 U.S.C. § 1981a provides the right to recover damages, including compensatory and punitive damages, for intentional discrimination under Title VII.

[2]     The Rehabilitation Act, 29 U.S.C. §§ 701 et seq., "prohibits federal agencies from  discriminating in employment against otherwise qualified individuals with  a disability."  Mullins v. Crowell, 228 F.3d 1305, 1313 (11th Cir. 2000).

On January 27, 2016, Defendant filed its Motion to Dismiss Plaintiff's Amended Complaint [12].  On April 22, 2016, the Magistrate Judge issued his Non-Final R&R [21], recommending (i) Defendant's motion to dismiss Plaintiff's original complaint be denied as moot; (ii) that Defendant's motion to dismiss be denied in part without prejudice and Plaintiff be directed to file an amended complaint with respect to Plaintiff's discrimination and retaliation claims arising from a December 2014 failure to promote to lead position, a January 2015 written warning and one-day suspension, and a February 2015 action when Plaintiff's badge was removed and he was sent home, and his retaliation claims based on actions taken against Plaintiff for filing his June 2015 EEOC charge of discrimination; and (iii) that the Court grant Defendant's motion to dismiss all of Plaintiff's remaining claims for failure to administratively exhaust them.  ([21] at 19).

On July 12, 2016, the Court issued an Order [24] ("July 12th Order") adopting the Non-Final R&R in part.  The Court denied Defendant's motion to dismiss the First Amended Complaint without prejudice as to Plaintiff's claims based on (1) the 2014 failure to promote, (2) the January 2015 written warning and suspension, and (3) retaliation after Plaintiff filed his June 2015 EEOC charge.  The Court granted Defendant's motion to dismiss as to all other claims.  With

respect to the three remaining claims, the Court required Plaintiff to file a second amended complaint in which he repleads the claims, mindful of the deficiencies described in Defendant's Motion to Dismiss and in the Magistrate Judge's R&R. The Court cautioned Plaintiff that failure to comply with the Court's July 12th Order would result in dismissal of this action pursuant to Local Rule 41.3(A)(2). (July 12th Order at 16-17).

On July 26, 2016, Plaintiff filed his Second Amended Complaint [25]. Plaintiff's Second Amended Complaint is substantially similar to his First Amended Complaint. On August 9, 2016, Defendant filed its Motion to Dismiss Plaintiff's Second Amended Complaint. Defendant argues dismissal is required because (1) Plaintiff has essentially pled the same allegations found deficient in his previous complaint and therefore failed to comply with the Court's July 12th Order; and (2) the Second Amended Complaint fails to state a claim for relief. Plaintiff did not file a response to the Motion to Dismiss.

On September 26, 2016, the Magistrate Judge issued his R&R. Because the Second Amended Complaint is substantially similar to the First Amended Complaint, Plaintiff included claims the Court already dismissed, including claims the Court dismissed because Plaintiff failed to administratively exhaust them. Accordingly, the Magistrate Judge recommends dismissal of claims that the Court

already determined were not administratively exhausted.  With respect to the claims the Court required Plaintiff to replead, the Magistrate Judge found that Plaintiff largely repeated his insufficient allegations of discrimination and retaliation.  Specifically, the Magistrate Judge recommends dismissal of Plaintiff's Title VII discrimination and retaliation claims based on his December 2014 failure to promote, because Plaintiff failed to replead the claims, with sufficient factual allegations to support them, as required by the Court's July 12th Order.  The Magistrate Judge recommends the Court dismiss Plaintiff's Title VII retaliation claim based on the January 2015 warning and suspension for the same reason.  The Magistrate Judge recommends dismissal of Plaintiff's allegations of post-EEOC charge retaliation, because Plaintiff fails to allege facts to show that any decisionmaker was aware of the EEOC charge, and fails to plead facts to suggest that actions were taken against him because of any alleged protected activity.

On October 7, 2016, Plaintiff filed his Objections to the R&R.  Plaintiff states "that he was not aware of the need for an answer to the last Motion to dismiss filled [sic] by the Defendant."  (Obj. [29] at 1).  Plaintiff states that "[t]he facts are as they have been presented in the first amended complaint, and structurally modified according the requests of the Judge, in the second amended complaint."  (Id. at 2).  Plaintiff does not object to any specific portion of the R&R.

He instead includes a "letter addressed to the Defendant's management team members and employees," which he suggests "might help to better understand why Plaintiff's Claims should not be dismissed . . . ." (Id. at 2).  The letter contains several accusations levied against Defendant, including that Defendant is poorly managed, has lazy employees, and is generally discriminatory.

## II.   DISCUSSION

### A.   Legal Standards

#### 1.   Review of a Magistrate Judge's Report and Recommendation

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  Where no party has objected to the report and recommendation, a court conducts only a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

### 2. Standard on a Motion to Dismiss

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "assume that the factual allegations in the complaint are true and give the plaintiff[] the benefit of reasonable factual inferences." Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010). Although reasonable inferences are made in the plaintiff's favor, "'unwarranted deductions of fact' are not admitted as true." Aldana v. Del Monte Fresh Produce, N.A., 416 F.3d 1242, 1248 (11th Cir. 2005) (quoting S. Fla. Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n.10 (11th Cir. 1996)). Similarly, the Court is not required to accept conclusory allegations and legal conclusions as true. See Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010) (construing Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). Mere "labels and conclusions" are insufficient. Twombly, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). This requires more than the "mere possibility of misconduct." Am. Dental, 605 F.3d at 1290 (quoting Iqbal, 556 U.S. at 679). The well-pled allegations must "nudge[] their claims across the line from conceivable to plausible." Id. at 1289 (quoting Twombly, 550 U.S. at 570).

### B.  Analysis

Plaintiff does not state any specific objection to the findings in the R&R. Instead, Plaintiff's objections consist of vague accusations that Defendant is poorly managed and that it generally engaged in discriminatory activities. These are not valid objections, and the Court will not consider them. See Marsden v. Moore, 847 F.2d 1536, 1548 (112th Cir. 1988) ("Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court."). The Court thus conducts its plain error review of the R&R.

#### 1.  Unexhausted Title VII Claims

To file a judicial complaint under Title VII, a plaintiff first must exhaust his administrative remedies by filing a "charge" of discrimination with the EEOC within 180 days of his termination. See, e.g., H&R Block E. Enters. v. Morris, 606 F.3d 1285, 1295 (11th Cir. 2010) (citing Wilkerson v. Grinnell Corp., 270 F.3d

8

1314, 1317 (11th Cir. 2001)) ("Before suing under Title VII, a plaintiff must first exhaust her administrative remedies.  To do so, a plaintiff must file a timely charge of discrimination with the EEOC within 180 days of the last discriminatory act." (citation omitted)).  "[T]he 'scope' of the judicial complaint is limited to the 'scope' of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination."  Sanchez v. Standard Brands, Inc., 431 F.2d 455, 466 (5th Cir. 1970).[3]

In its July 12th Order, the Court ordered Plaintiff to replead his claims based on his alleged (1) 2014 failure to promote; (2) January 2015 written warning and suspension; and (3) retaliation after Plaintiff filed his June 2015 EEOC charge. (July 12th Order at 17).  The Court explained that these claims are the only Title VII claims that Plaintiff either (1) arguably exhausted by including them in his EEOC charge, or (2) that he was not required to administratively exhaust.  The Magistrate Judge found that Plaintiff again includes allegations in his Second Amended Complaint concerning pre-EEOC charge acts of discrimination or retaliation that are not described in the EEOC charge.  Plaintiff also included

---

[3]   In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

post-EEOC charge acts of discrimination, and he does not allege he filed a subsequent EEOC charge concerning these acts. (R&R at 6-7). The only claims the Court allowed to proceed are the three it specifically enumerated. The Magistrate Judge thus recommends the Court grant Defendant's Motion to Dismiss any claims based on acts other than (1) the 2014 failure to promote, (2) the January 2015 written warning and suspension, and (3) post-charge retaliation. The Court finds no plain error in these findings and recommendation, and the claims are dismissed. See Slay, 714 F.2d at 1095.

### 2. 2014 Failure to Promote

Plaintiff alleges that "Supervisor Id-Baha Mohamed, (friend and one of the protectors of Emrani Mohammed[, one of Plaintiff's Muslim co-workers,]) blocked a proposal for plaintiff's promotion in December 2014 when there was an opening for a lead position in the department the Plaintiff used to work," and this action was "initiated against the Plaintiff because of his religion and as retaliation for his complaints about the discrimination in the company." ([25] ¶ 5). These allegations are identical to the allegations set forth in Plaintiff's First Amended Complaint, which the Magistrate Judge previously found were "wholly insufficient to state a claim for discrimination or retaliation under Title VII," because Plaintiff did not allege he applied for the position, when he applied, who made the decision,

who was actually promoted, or any facts to plausibly suggest that the failure to promote was because of a protected characteristic. (R&R at 9-10). Plaintiff failed to replead his legally deficient claim "mindful of the deficiencies described in Defendant's Motion to Dismiss and in the Magistrate Judge's R&R." (July 12th Order at 17). The Magistrate Judge recommends the Court grant Defendant's Motion to Dismiss Plaintiff's Title VII discrimination and retaliation claims based on the December 2014 failure to promote. The Court finds no plain error in these findings and recommendation, and the claims are dismissed. See Slay, 714 F.2d at 1095.

### 3. January 2015 Written Warning and Suspension

Plaintiff's allegations with respect to the January 2015 written warning and suspension also are substantively identical to the allegations in Plaintiff's First Amended Complaint. In considering these allegations, the Magistrate Judge previously found them insufficient to state claims for discrimination and retaliation. ([21] at 16-17). Specifically, the Magistrate Judge found that, to the extent that Plaintiff alleges that his warning and suspension were discriminatory, he had "not alleged facts that show that those actions resulted in a 'serious and material change in the terms, conditions, or privileges' of his employment sufficient to plausibly show that he suffered an adverse employment action under

Title VII's anti-discrimination clause. See Davis v. Town of Lake Park, 245 F.3d 1232, 1239 (11th Cir. 2001)."  ([21] at 17).

The Magistrate Judge also notes that Plaintiff again failed to allege any facts to show that he engaged in statutorily protected activity prior to the 2015 written warning and suspension.  Accordingly, the Magistrate Judge recommends the Court grant Defendant's Motion to Dismiss Plaintiff's Title VII discrimination and retaliation claims based on the January 2015 written warning and suspension.  The Court finds no plain error in these findings and recommendation, and the claims are dismissed.  See Slay, 714 F.2d at 1095.

### 4. Post-EEOC Charge Retaliation

To establish a prima facie case of retaliation under Title VII, a plaintiff must allege that (1) he engaged in statutorily protected activity, (2) he suffered an adverse employment action, and (3) there was a causal connection between the protected activity and the adverse employment action. See Mealing v. Ga. Dep't of Juvenile Justice, 564 F. App'x 421, 427 (11th Cir. 2014); Crawford v. Carroll, 529 F.3d 961, 970 (11th Cir. 2008).  The Magistrate Judge found that, with respect to Plaintiff's allegations that Defendant retaliated against him after he filed his EEOC charge in June 2015, Plaintiff fails to allege that any decisionmaker was aware of his EEOC charge or any other statutorily protected activity.  Plaintiff thus fails to

allege a causal connection between his protected activity and any adverse employment action, and the Magistrate Judge recommends the Court grant Defendant's Motion to Dismiss Plaintiff's Title VII retaliation claims based on alleged post-EEOC charge retaliation.  The Court finds no plain error in these findings and recommendation, and the claims are dismissed.  See Slay, 714 F.2d at 1095.

### III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge J. Clay Fuller's Final Report and Recommendation [27] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff Nicolae Stefan Albu's Objections to the R&R [29] are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant TBI Airport Management's Motion to Dismiss [26] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.

**SO ORDERED** this 26th day of October, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE